UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA,      :
: CASE NO. 5:12-CR-181
       Plaintiff,       :
:
v.                             : OPINION & ORDER
: [Resolving Doc. 21]
PAUL J. HART,                  :
:
       Defendant.       :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 23, 2016, Paul Hart requested the appointment of counsel for assistance with filing a habeas motion under Title 28 United States Code Section 2255 in light of the Supreme Court's June 2015 decision in *Johnson v. United States*.[1] This Court has reviewed the merits of Hart's potential *Johnson* claim and **DENIES** the motion for appointment of counsel.

### I.    Discussion

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[2] Habeas petitions Section 2255 are civil actions.

Hart would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a crime of violence only under the residual clause.

In calculating Paul J. Hart's base offense level, the pre-sentence report listed two "felony convictions involving Trafficking in Drugs (F-4), Cuyahoga County Common Pleas Cases CR-03-447210 and CR-05-461457. Pursuant to U.S.S.G 2K2.1(a)(2), if the defendant committed the

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process).
[2] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Case No. 12-cr-181
Gwin, J.

instant offense subsequent to sustaining at least two felony convictions of a controlled substance offense, the Base Offense Level is 24."[3]

The controlled substance offenses, Trafficking in Drugs, are not affected by the *Johnson* decision because they were not classified as a crime of violence. Further, a closer examination of Hart's PSR reveals that he was sentenced for a number of other controlled substance offenses.[4]

Thus, Hart's guidelines calculation would not be affected post- *Johnson* because the pre-sentence report still lists at least two felony convictions for a controlled substance offense.

Hart has not shown that he has a meritorious *Johnson* claim. He cannot demonstrate that his civil §2255 proceeding is an exceptional circumstance warranting appointment of counsel.

## II.     Conclusion

For the reasons above, this Court **DENIES** Defendant's motion seeking the appointment of counsel.

IT IS SO ORDERED.

Dated:  March 24, 2016                                  *s/         James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[3] Presentence Investigation Report at ¶15.
[4] Possession of Drugs (F-5) in Cuyahoga County Common Pleas Court in Case # CR-02-429395; Possession of Drugs (F-5) in Cuyahoga county common Pleas Court in Case # CR-03-434705;  Possession of Drugs (F-5) in Cuyahoga County Common Pleas Court in Case # CR-03-436276; Drug Possession (F-5) in Cuyahoga County Common Pleas Court in Case # CR-05-461078; Drug Trafficking (F-5) in Cuyahoga County Common Pleas Court in Case # CR-06-489353; Drug Trafficking (F-5) in Cuyahoga County Common Pleas Court in Case # CR-07-491878; Drug Possession (F-5) in Cuyahoga County Common Pleas Court in Case # CR-07-497506.